# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrie B. Shepherd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:23-5201-RMG |
| vs. ) | |
| ) | |
| Martin J. O'Malley, Commissioner of ) | |
| Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on October 31, 2024, recommending that the Commissioner's decision be affirmed. (Dkt. No. 11). Plaintiff filed objections to the R & R and the Commissioner filed a reply. (Dkt. Nos. 12, 13). For the reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter to the Agency with instructions to award benefits.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff's application for Social Security disability benefits has traveled a protracted and tortured course. She initially applied for disability benefits in March 2017 based upon her longstanding diagnosis of fibromyalgia and other impairments. Her application was denied at the administrative level and she appealed the adverse decision to the United States District Court. On December 8, 2021, on the motion of the Commissioner, the Agency decision was

reversed and remanded "to reconsider Plaintiff's subjective complaints in a manner consistent with Social Security Rulings 12-2p and 16-3p" and to issue a new decision. *Shepherd v. Kijakazi*, C.A. No. 0:20-2891-JMC (D.S.C. 2021).

The reversal and remand of Plaintiff's initial adverse decision in this case followed shortly after the Fourth Circuit's landmark decision in *Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83 (4th Cir. 2020), which addressed the recurring problem with the Social Security Administration refusing to credit subjective complaints of pain of claimants in claims in involving fibromyalgia. The *Arakas* decision explained that fibromyalgia is a disease "whose symptoms are entirely subjective, with the exception of trigger point evidence." *Id.* at 96. Physical examination of fibromyalgia patients "will usually yield normal results–a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Id*. Consequently, *Arakas* held that "ALJs may not discredit a claimant's subjective complaints regarding fibromyalgia symptoms based on a lack of objective evidence." *Id*. at 97. Moreover, the *Arakas* court held that "ALJs may not rely on objective medical evidence (or lack thereof)–even as just one of multiple factors–to discount a claimant's subjective complaints regarding symptoms of fibromyalgia . . . Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease." *Id*. Instead, "disability claimants are entitled to rely exclusively on the subjective evidence to prove the severity, persistence, and limiting effects of their symptoms." *Id*. at 98.

Despite the Commissioner's request to reverse the earlier decision and to remand the matter to the Agency to reconsider Plaintiff's subjective complaints regarding her fibromyalgia,

the ALJ issued a substantially similar decision on December 22, 2022, finding that Plaintiff retained the residual functional capacity to perform light work and was able to perform her past relevant work as a file clerk. (Dkt. No. 4-8 at 12-21). In reaching that decision, the ALJ recognized that Plaintiff's fibromyalgia was a severe impairment and that she asserted that the condition "causes pain throughout her body" which limited her ability to sit or stand for extended periods. (Dkt. No. 4-8 at 18).[1] The ALJ nonetheless found Plaintiff's subjective complaints "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*). The ALJ referenced record evidence that Plaintiff's complaints of pain "were inconsistent regarding severity and location," and on examination, the "objective medical evidence" showed normal ambulation, gait, and motor strength, "good fine and gross motor skills," and relatively normal range of motion. (*Id.* at 19-20). The ALJ further found Plaintiff's complaints were "contradicted" by the medical record and that she had failed to follow her doctor's recommendation to exercise. (*Id*. at 19). The ALJ found "generally persuasive" chart reviews performed by two in-house physicians, both of whom relied on the absence of objective medical findings to support their opinions that Plaintiff could perform light work. (Dkt. No. 4-3 at 32, 37-38, 52).

The ALJ's repeated reference to the absence of objective medical evidence to discredit Plaintiff's subjective complaints of pain is plainly contrary to *Arakas*, which holds that "ALJs

---

[1] Plaintiff testified before the ALJ that "I have pain all over my body, my bones hurt, my inside hurt sometimes. My–my pain it spreads every day, is a different day, a different pain. I burn, it hurts, it burns, it tingles. I can't sit for long. I have to get off it . . ." (Dkt. No. 4-8 at 39). Plaintiff further testified she could stand "maybe five to seven minutes, . . . then I have to sit down or lay down, lean over . . ." (*Id.* at 43). Plaintiff explained that some days her pain is so great "literally I will be crying." (*Id.* at 47).

may not rely on objective medical evidence (or the lack thereof)-- even as just one of the multiple factors–to discount a claimant's subjective complaints of fibromyalgia . . ." *Arakas*, at 97. Furthermore, the ALJ's finding that Plaintiff's medical record fails to support her subjective complaints of pain is not supported by substantial evidence. Plaintiff's medical record of June 29, 2017 documents persistent neck and back pain caused by her fibromyalgia, and the record from May 30, 2018 documents episodes of back pain that migrated from one area to another (a classic fibromylagia presentation). The record of December 4, 2018 notes she was having "persistent pain everywhere." (Dkt. No. 4-7 at 27, 60, 196, 212, 245). In regard to Plaintiff's failure to exercise (which the ALJ suggested was the real reason Plaintiff was having so much pain), Plaintiff's physician documented on May 30, 2018 that "she's quit exercising very much because of the pain." (*Id*. at 212).

       The *Arakas* court noted that the Fourth Circuit had "battled the [Commissioner] for many years over how to evaluate a disability claimant's subjective complaints of pain," with this type of "legal error . . . particularly pronounced in a case involving fibromyalgia. . . . ." *Arakas* at 95, 96. Plaintiff's testimony at her administrative hearings, as well as her treating physician's medical records, document her subjective complaints of pain secondary to her fibromyalgia. If Plaintiff's subjective complaints of pain are credited, without regard to the absence of corroborating objective medical evidence of her fibromyalgia, as required by *Arakas*, she plainly cannot satisfy the physical requirements of light work, which require the ability to sit, stand, and walk six hours in an eight hour day. SSR 83-10, 1983 WL 31251 (1983). The inability to perform light work would also disqualify Plaintiff for her past relevant work as a file clerk. (Dkt. No. 4-8 at 49-52).

Based upon settled Fourth Circuit law, Plaintiff's subjective statements regarding her fibroymalgia symptoms establish an inability to perform light work, and it was legal error for the ALJ to discredit those subjective complaints of pain based upon the absence of corroborating objective medical evidence. Consequently, the decision of the Commissioner is reversed.

The only remaining issue is whether the Court should remand the matter to the Agency for further administrative processing or award benefits. Since Plaintiff's capacity to perform work, at most, was limited to sedentary work at the time of her onset date of December 31, 2017 and she was then 57 years old, she should have been deemed disabled under the Social Security Act as an "individual of advanced age" with a residual functional capacity of no greater than sedentary work. *See*, 20 C.F.R. Part 404, Subp. P, App. 2, §§ 201(g), 201.09.

An award of benefits by a district court is appropriate where, as here, the record is fully developed and it is clear the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanairi*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Brown v. Kijakazi*, 2021 WL 5276031 at *2 (D.S.C. 2021). This is particularly true where there has been a significant lapse of time in the administrative processing of this claim. *Podedworny v. Harris*, 745 F.2d 210, 223 (3rd Cir. 1984). Plaintiff's application for disability benefits was filed in March 2017, now more than seven years ago. This Court has already remanded this matter once to the Commissioner to further evaluate the Plaintiff's disability claim based upon her well documented fibromyalgia. A second remand under these circumstances would be manifestly unjust. The time to award benefits has now arrived.

The Court **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. Section 405(g) and **REMANDS** the matter to the Commissioner to award benefits from Plaintiff's onset date of December 31, 2017.

**AND IT IS SO ORDERED.**

                                                    s/ Richard Mark Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

Charleston, South Carolina
December 9, 2024